UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DUTEL, | Case No. 2:22-cv-00030-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| AMADOR COUNTY JAIL, | ECF No. 2 |
| Defendant. | SCREENING ORDER THAT PLAINTIFF: |
| | (1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED; OR |
| | (2) FILE AN AMENDED COMPLAINT |
| | ECF No. 1 |
| | THIRTY-DAY DEADLINE |

Plaintiff, who is confined in the Amador County Jail, alleges numerous violations of his constitutional rights. ECF No. 1 at 4-6. He has sued only the Amador County Jail, which is not a viable defendant under section 1983. I will give plaintiff an opportunity to amend his complaint. I will also grant his application to proceed *in forma pauperis*. ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that unnamed officials have violated his First Amendment rights by restricting his ability to freely exercise his religion and retaliating against him for protected activity. ECF No. 1 at 5-6. He also claims that his Eighth Amendment rights were violated when unnamed officials at the jail refused to allow him to use the exercise yard. *Id.* at 4. Finally,

1   plaintiff alleges that he fears sexual assault, but does not offer any details. *Id.* at 6. As an initial
2   matter, the Amador County Jail is not a viable defendant under section 1983. *See Vance v. Cty. of*
3   *Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a
4   defendant is not an appropriate means of pleading a § 1983 action against a municipality.")
5   (citation omitted); *Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section
6   1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color
7   of law.' Cook County Jail is not a 'person.'"). I will give him leave to amend so that he may
8   name a proper defendant.

9       Plaintiff is also advised that, if he names more than one defendant in any amended
10  complaint, his various claims may not be permitted to proceed in the same suit. Multiple,
11  unrelated claims against more than one defendant belong in separate lawsuits. *See* Fed. R. Civ. P.
12  18(a); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a
13  single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim
14  B against Defendant 2.").

15      If plaintiff decides to file an amended complaint, the amended complaint will supersede
16  the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en
17  banc). This means that the amended complaint will need to be complete on its face without
18  reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is
19  filed, the current complaint no longer serves any function. Therefore, in an amended complaint,
20  as in an original complaint, plaintiff will need to assert each claim and allege each defendant's
21  involvement in sufficient detail. The amended complaint should be titled "Amended Complaint"
22  and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will
23  recommend that this action be dismissed.

24      Accordingly, it is ORDERED that:

25      1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

26      2. Within thirty days from the service of this order, plaintiff must either file an
27  Amended Complaint or advise the court he wishes to stand by his current complaint. If he selects
28  the latter option, I will recommend this action be dismissed.

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   June 21, 2022                           
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE